**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22212-CIV-GAYLES**
**(21-20414-CR-GAYLES-1)**

**KYLE MELKONIAN**,

Movant,

v.

**UNITED STATES OF AMERICA**,

Respondent.
_______________________________/

**OMNIBUS ORDER**

**THIS CAUSE** comes before the Court on Movant Kyle Melkonian's *pro se* Motions for Leave to Amend his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [ECF Nos. 26, 27, 43, 44] (collectively, "Motions to Amend"). The Government filed a Response to the first two Motions to Amend. [ECF Nos. 40]. Movant filed his Reply. [ECF No. 41]. For the following reasons, the Motions to Amend are **DENIED**.

## I. BACKGROUND

### A. Criminal Proceedings

The Court found Movant guilty of theft of government funds, in violation of 18 U.S.C. § 641, following a bench trial on June 23, 2022. *See United States v. Melkonian*, No. 1:21-cr-20414-DPG-1 (S.D. Fla), [ECF-Cr Nos. 45, 67].[1] On October 6, 2022, pursuant to 21 U.S.C. § 853(p), the Court entered a Preliminary Order of Forfeiture [ECF-Cr No. 59], forfeiting to the United States the real property located at 230 Northwest 143rd Street, Miami, FL 33168 (the "Disputed

[1] All references to "ECF-Cr" refer to docket numbers in Movant's criminal case: case number 21-20414-CR-GAYLES-1. Once the Court identifies a filing by its ECF number on both the criminal and civil dockets, it will continue to refer to the filing just by the civil docket number.

Property"). [ECF-Cr No. 59 ¶ 2a]. The Government issued notice, as required under 21 U.S.C. § 853(n)(1)-(2) and Federal Rule of Criminal Procedure 32.2(b)(6), by publication and service on Movant. [ECF-Cr Nos. 91, 130]. Citing Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the Preliminary Order of Forfeiture explicitly stated that it was "final as to" Movant. [ECF-Cr No. 59 at 6]; *see also* Fed. R. Crim. P. 32.2(b)(4) ("At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant."). On October 24, 2022, the Court sentenced Movant to fourteen months' imprisonment followed by three years' supervised release. [Am. Judgment, ECF-Cr No. 67]. Furthermore, the Court ordered Movant to pay Respondent $284,159.97 in restitution and incorporated the Preliminary Order of Forfeiture. *Id.* at 6–7.

**B. Challenges to Forfeiture Order**

On November 29, 2023, Movant filed a Petition for Remission in his capacity as Trustee of a Trust that purportedly owned the Disputed Property. [ECF-Cr No. 105]. The Court adopted the magistrate judge's Report and Recommendation [ECF-Cr No. 116], found that Movant "lack[ed] standing to bring a third-party claim in an ancillary proceeding[,]" and dismissed the Petition. [ECF-Cr No. 120]. Movant appealed[2] the order dismissing his Petition, which the Eleventh Circuit dismissed. *See United States v. Melkonian*, No. 24-13651, 2025 WL 753999, at *1 (11th Cir. Mar. 10, 2025) (reasoning that Movant lacked jurisdiction to appeal the order dismissing his Petition because his interest to the property was extinguished by the preliminary order of forfeiture). Movant then challenged the constitutionality of his conviction and sentence through an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

[2] Movant had separately appealed his conviction and sentence, including the restitution requirement and the Preliminary Order of Forfeiture. *See United States v. Melkonian*, No. 22-13543, 2023 WL 7391695, at *5 (11th Cir. Nov. 8, 2023). The Eleventh Circuit affirmed the conviction and sentence in full, specifically holding that "the forfeiture is not unconstitutional." *Id.*

2255. *See generally* Am. Mot. [ECF No. 9] (arguing that his sentence and conviction are unconstitutional because (1) his public defender posed a conflict of interest; (2) his counsel was ineffective in arguing against forfeiture; (3) newly discovered mental and physical health evidence affects the legality of his sentence; (4) and alleging that his sentence violated his First, Sixth, and Thirteenth Amendment rights). The Court issued an Order to Show Cause, and Respondent filed its Response on July 31, 2025. [ECF No. 12]. A ruling on the Amended Motion is forthcoming.

In the interim, Respondent moved for a Final Order of Forfeiture [ECF-Cr No. 136], which the Court granted on December 17, 2025, [ECF-Cr No. 137]. Less than a week later, Movant filed an Emergency Motion to Stay Enforcement of the Final Order of Forfeiture. [ECF No. 14]. He argued that the Court should stay the forfeiture upon resolution of his Amended § 2255 Motion to preserve "the status quo long enough for the Court to resolve" the Amended Motion. *Id.* at 5. Although the Court temporarily stayed the Final Order of Forfeiture to allow the parties to brief the issue, *see* [ECF No. 16], it ultimately denied Movant's Motion to Stay on January 21, 2026, [ECF No. 23].

The Court reasoned that Movant lacked "standing to challenge the Final Order of Forfeiture or to request its stay" because his interest in the Disputed Property was relinquished when the Preliminary Order of Forfeiture issued. [ECF No. 23 at 3]. For that reason, he had standing to challenge only the Preliminary Order of Forfeiture, which he did unsuccessfully in his direct appeal. *Id.* (citing *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020); [ECF-Cr No. 111]); *see Melkonian*, 2023 WL 7391695, at *5. The Court also noted, as a procedural matter, that Movant could not use a § 2255 motion to challenge the forfeiture because the purpose of a § 2255 motion is "'to seek release from custody,'" not to seek relief from non-custodial elements of a sentence. [ECF No. 23 at 4] (quoting *Campbell v. United States*, No. 21-11256, 2023 WL 4533842, at *6 (11th Cir. July 13, 2023)). Finally, the Court explained that, even if a § 2255 motion was the proper

vehicle through which to challenge the forfeiture, a stay was still unwarranted because any harm to Movant from wrongful forfeiture could "be compensated with money." *Id.* (citing *United States v. De Cesare*, No. 21-cr-80188, 2025 WL 2487866, at *2 (S.D. Fla. Jan. 17, 2025)).

On April 27, 2026, Movant filed an Emergency Motion under the All Writs Act, 28 U.S.C. § 1651(a). [ECF No. 28]. Acknowledging the Court's earlier explanation that a § 2255 motion cannot be used to challenge non-custodial elements of a sentence, Movant argued that his Amended § 2255 Motion is not a "freestanding collateral attack[] on forfeiture orders" but is instead a "challenge[] to forfeiture as a component of an illegal sentence." *Id.* at 8. He argued his challenge of the legality of his sentence, which includes a forfeiture component he believes exceeds the Court's authority under 28 U.S.C. § 853(p), is "the core function of § 2255." *Id.* at 9.

The Court denied the Motion on May 5, 2026, again concluding that § 2255 does not cognize challenges to restitution or forfeiture, that Eleventh Circuit case law permits the forfeiture of a criminal defendant's homestead, and that he is not entitled to relief under the All Writs Act. *See generally* [ECF No. 34]. Movant appealed the Order. *Melkonian v. United States*, No. 26-11610, 2026 WL 2664438 (11th Cir. Sept. 10, 2026). The Eleventh Circuit again held that Movant lacked standing to bring suit because his "interest in the relevant property was extinguished by the preliminary order of forfeiture[.]" *Id.* (citing *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)).

### C. The Instant Motions

Movant filed four Motions to Amend: the first on April 17, 2026; the second on April 20, 2026; the third on August 12, 2026; and the fourth on September 28, 2026. In the first three Motions to Amend, Movant seeks leave to add an additional claim to his Amended § 2255 Motion — an attack on the constitutionality of his forfeiture judgment. *Compare* [ECF No. 26 at 1] (arguing that the forfeiture judgment was "imposed without statutory authorization), *with* [ECF

No. 27 at 1] (arguing that the forfeiture judgment "[w]as imposed without statutory authorization, it is jurisdictional and therefore not subject to the one-year limitations period or procedural default."), *and* [ECF No. 43 at 1] (moving "for leave to amend his pending [§ 2255] Motion to clarify, expand, and add non-custodial forfeiture ground. The existing factual record is sufficient to show lack of statutory-authority and voidness."). Respondent makes familiar arguments in its Response: first, that challenges to forfeiture fall outside the scope of § 2255; and second, that even if § 2255 permitted constitutional challenges to forfeiture, Movant procedurally defaulted those claims by failing to raise this argument on direct appeal. [ECF No. 40] (citing *United States v. Johnson*, 541 F.3d 1064, 1068–69 (11th Cir. 2008)).

Movant filed a Reply, [ECF No. 41], but also filed the two additional Motions to Amend, again requesting the Court afford him leave to "add [a] non-custodial forfeiture ground," [ECF No. 43 at 1]. The fourth Motion to Amend does not concern forfeiture. Instead, Movant seeks to "expan[d] [ ] the record" and to add "one supplemental ground for relief based on [ ] psychiatric evaluations" stemming from a diagnosis he received on May 21, 2026. [ECF No. 44 at 1]. Specifically, he now contends that his public defenders rendered ineffective assistance by addressing "only present-moment competence to stand trial" without, ostensibly, raising these new diagnoses of "developmental-onset schizophrenia-spectrum impairment, impaired reality testing, perceptual disturbances, reliability of factual admissions, or voluntariness of a stipulation" that he only discovered five months ago. *Id.* at 2.

## II. DISCUSSION

Generally, "[l]eave to amend shall be freely granted." *Borden v. Allen*, 646 F.3d 785, 828 n.14 (11th Cir. 2011); *accord* Fed R. Civ. P. 15(a)(2). Nevertheless, the Court "may properly deny leave to amend [a pleading] under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S.

178, 182 (1962)). The Court has adjudicated Movant's forfeiture challenges multiple times over the last year and reiterates that he does "not have standing to challenge the Final Order of Forfeiture or to request its stay" because his interest in the disputed property terminated when the Preliminary Order of Forfeiture issued. [ECF No. 34 at 3] (quotation marks omitted); *see also Melkonian*, 2023 WL 7391695, at *5.

And even if Movant had standing to challenge the forfeiture, § 2255 is not the proper vehicle for doing so. *See United States v. Brown*, 599 F. Supp. 3d 1178, 1183 (M.D. Fla. 2022) ("Brown cannot use § 2255 to collaterally attack a forfeiture order because § 2255 allows a defendant to attack only the custodial aspects of his sentence."). Section 2255 does not authorize a movant to challenge a forfeiture or restitution order imposed as part of a federal criminal judgment, and absent congressional amendment, such challenges are beyond the statute's reach. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) ("The plain language of the statute indicates § 2255 applies to 'a prisoner in custody . . . claiming the right to be released.'" (quoting § 2255)); *Blaik v. United States*, 161 F.3d 1341, 1342 (11th Cir. 1998) (declining to entertain a challenge to the appellant's restitution order under § 2255 because that "would require us to take an action that is not authorized by the plain language of the statute."); *Barton v. Barr*, 590 U.S. 222, 240 (2020) ("Congress may of course amend the law at any time.").

The Court also declines to permit Movant to further amend his § 2255 Motion with newly obtained psychiatric evaluations because it would be futile. It is unclear how Movant can argue that his counsel was ineffective for failing to provide a competency evaluation that he obtained only after the imposition of his sentence. *See United States v. Barnes*, No. 3:07CR105/MCR, 2010 WL 2044913, at *12 (N.D. Fla. Apr. 22, 2010) ("[T]he court finds that counsel was not constitutionally ineffective for failing to argue something about which he was not made aware." (subsequent litigation history omitted)). Furthermore, the Court agrees with Respondent that the

Court considered Movant's mental health when it entered a sentence "downward from a low-end guideline of 27 months to a sentence of 14 months' imprisonment." [ECF No. 12] (citing Sentencing Tr. Hr'g. [ECF-Cr No. 78 at 37]).

Lastly, it is a tenet of our federal jurisprudence that *pro se* litigants are afforded greater leniency in their filings than those drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But this leniency does not entitle a *pro se* litigant to file carte blanche and "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). The Court emphasizes that this is Movant's seventh attempt at challenging his forfeiture judgment. *See* [ECF Nos. 9, 14, 26, 27, 28, 43, 44]. The Court cautions Movant to discontinue filing these meritless motions for leave to amend. Failure to comply may expose him to possible sanctions. *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."); *Eye v. Cohn*, No. 11-CV-61584-KMM, 2011 WL 5508484, at *4 (S.D. Fla. Nov. 8, 2011) ("*Pro se* litigants are not immune from Rule 11 sanctions.").

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions to Amend [ECF Nos. 26, 27, 43, 44] are **DENIED**. Movant's civil and criminal cases shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of October, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

**Kyle Melkonian**
230 NW 143rd Street
Miami, FL 33168-4138
PRO SE